UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH K. NORRIS, <br><br> Plaintiff, <br><br> v. <br><br> F/N/U COVEY, et al., <br><br> Defendants. | Case No. 3:16-cv-02719 <br><br> Judge Trauger <br> Magistrate Judge Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This case has been referred to the Magistrate Judge to dispose or recommend disposition of pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 3, PageID# 30.)

On September 11, 2018, the Court accepted the Magistrate Judge's Report and Recommendation that (1) Plaintiff Joseph K. Norris's claims against Defendants Kristian Covey and Marquez Eckford be dismissed with prejudice and (2) Norris be given an opportunity to show good cause why his claims against Defendant Dr. Aballay should not be dismissed for failure to effect service of process. (Doc. No. 35.) Because Norris has not filed anything in response to that order, the Magistrate Judge RECOMMENDS that Norris's claims against Dr. Aballay be DISMISSED WITHOUT PREJUDICE for his failure to prosecute.

**I.     Relevant Background**

Norris filed this lawsuit under 42 U.S.C. § 1983 on October 13, 2016. (Doc. No. 1.) Norris alleges that, on May 27, 2016, while he was incarcerated at the Trousdale Turner Correctional Center (TTCC), he was attacked by CoreCivic employee Kristian Covey. (*Id.* at PageID# 7–8.)

The attack caused Norris to "lose balance and the ability to breathe" and left him with "serious internal injuries," including "mass swelling" and a "rupture[d] ul[c]er." (*Id.* at PageID# 8.) On the day of the incident, Norris unsuccessfully sought help from CoreCivic shift supervisor Marquez Eckford, who "conspired to cover up and conceal" Covey's misconduct. (*Id.* at PageID# 9.) Dr. Aballay saw Norris two days later and, Norris alleges, gave him "pain treatment that was inadequate" and denied his request to be sent to the hospital (*Id.* at PageID# 11.) Norris was then released from medical care and told that he had to walk back to his housing unit, despite having requested a wheelchair. (*Id.*) Norris seeks $70,000 in damages from Dr. Aballay. (*Id.* at PageID# 18–19.)

On October 11, 2017, Covey and Eckford moved for summary judgment. (Doc. Nos. 19–24.) Norris opposed that motion. (Doc. No. 32.) In an August 20, 2018 Report and Recommendation, the Magistrate Judge recommended that Covey and Eckford's motion be granted and that Norris's claims against them be dismissed with prejudice. (Doc. No. 34, PageID# 228.) The Magistrate Judge also noted that Dr. Aballay, the only remaining defendant, had yet to be served, and recommended that, unless Norris could show good cause for his failure to effect service, Norris's claims against Dr. Aballay be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (*Id.*) Norris did not file any objections to the Report and Recommendation.

The Court accepted the Report and Recommendation on September 11, 2018, and dismissed Norris's claims against Covey and Eckford with prejudice. The Court allowed Norris to "establish before the magistrate judge good cause for his failure to pursue service." (Doc. No. 35.) Norris did not respond to that order and has not filed anything since June 4, 2018, when he responded to Covey and Eckford's motion for summary judgment. (Doc. No. 32.)

## II. Legal Standard

Federal Rule of Civil Procedure 4 provides that a complaint and summons must be served on each defendant within ninety days of the date on which the complaint is filed. Fed. R. Civ. P. 4(c), 4(m). However, if the plaintiff can show good cause for failing to effect service within that time, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even when a plaintiff has not shown good cause, the Court may exercise its discretion to permit late service. Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment (noting that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *see also Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. United States* 517 U.S. 654, 662 (1996)); *Overbay v. Israel*, No. 2:16-CV-00337-TAV, 2017 WL 1377374, at *3–5 (E.D. Tenn. Mar. 24, 2017).

In considering whether to exercise discretion to permit untimely service, courts may consider a number of factors, including whether:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs." *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case.

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'") (quoting *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992)). Without personal jurisdiction being properly established, a court cannot exercise its authority consistent with due process of law. *Friedman*, 929 F.2d at 1156.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. 626). Consistent with *Link*, this Court's Local Rule 41.01(a) authorizes the Court to summarily dismiss a civil suit that has "been pending for an unreasonable period of time without any action having been taken by any party . . . ." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Dismissal under the Local Rule shall be without prejudice to refiling of the action or a motion to set aside the dismissal for just cause. *Id.*

**III.    Analysis**

No further extension of Norris's time to serve Dr. Aballay is warranted. It appears that Norris's claims against Dr. Aballay would be time-barred if he had to file them in a new action.[1] While that fact might counsel in favor of an extension, *see Overbay*, 2017 WL 1377374, at *5, it is outweighed by the Court's other considerations. This lawsuit was filed more than two years ago; any further extension of the service period would therefore be "significant." *Id.* Further, there is no indication that Dr. Aballay ever received actual notice of the lawsuit. *See id.* Finally, Norris has not shown that he has made diligent efforts—or any efforts to effect service—in response to the Court's order. The Magistrate Judge's August 20, 2018 Report and Recommendation order warned Norris of the Court's obligation to sua sponte dismiss his claims against Dr. Aballay if he failed to effect timely service. (Doc. No. 34, PageID# 227–28.) It would be inappropriate for the Court to grant Norris additional time to effect proper service in the absence of any indication from him that he wants that result. Dismissal is therefore warranted under Rule 4(m). Fed. R. Civ. P. 4(m).

Dismissal is also warranted under Rule 41(b) and Local Rule 41.01(a) for Norris's failure to prosecute his claims against Dr. Aballay. Although there is no explicit evidence of bad faith on

---

[1]     Section 1983 claims are governed by the state-law statute of limitations for personal-injury torts. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, actions for "injuries to the person" must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Norris's § 1983 claim against Dr. Aballay stems from events that took place in May 2016, well over two years ago. To the extent that Norris's complaint is read as raising a claim under the Americans with Disabilities Act—Norris alleges that Dr. Abally refused to "make a reasonable accommodation (Doc. No. 1, PageID# 11)—that claim would also be time-barred under the ADA's one-year statute of limitations. *See McCormick v. Miami Univ.*, 693 F.3d 654, 663 (6th Cir. 2012) (explaining that, "[b]ecause there is no statute of limitations under the ADA, courts must borrow a statute of limitations from the most analogous state cause of action"); *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 771–72 (M.D. Tenn. Mar. 26, 2009) (finding that the statute of limitations for Tennessee ADA cases is one year) (citing *Williams v. Trevecca Nazarene College*, No. 97-5705, 1998 WL 553029 (6th Cir. Aug. 17, 1998)).

Norris's part, he is at fault for failing to respond to the Court's order to show good cause why his claims against Dr. Aballay should not be dismissed due to his failure to pursue service. *See Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017). Further, the roughly five months that this lawsuit has pending without any action from Norris constitutes an unreasonable delay under Local Rule 41.01(a). M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay).

Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. It is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). Dismissal without prejudice best addresses all of the interests of this litigation and is the appropriate resolution of Norris's claims.

**IV.     Recommendation**

Accordingly, the Magistrate Judge RECOMMENDS that Norris's claims against Dr. Aballay be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of the Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 30th day of October, 2018.

.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge